IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHAD A. MOORE,**

      Plaintiff,

  vs.                                     Civil Action 2:16-cv-0041
                                            Judge Graham
                                            Magistrate Judge King

**LICKING COUNTY SHERIFF'S OFFICE,**
*Et al.*,

      Defendants.

<u>ORDER AND
REPORT AND RECOMMENDATION</u>

Plaintiff, currently detained in the Licking County Justice Center, brings this civil action under 42 U.S.C. § 1983 in connection with his criminal prosecution. This matter is now before the Court for the initial screen of the *Complaint*, ECF No. 3, required by 28 U.S.C. §§ 1915(e), 1915A.

A federal court must dismiss a case such as this, or a claim asserted in the action, if it determines that the case or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. In conducting this review, the Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, even a *pro se* complaint must nevertheless plead facts that give rise to a valid cause of action.

1

*Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)(citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Moreover, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Apple v. Glenn,* 183 F.3d 477 (6th Cir. 1999).

    The *Complaint* names as defendants the "Licking County Sheriff's Office," Licking County detective Boerstler, the "Licking County Prosecutors Office," prosecutor Brian Moore, the "Licking County Common Pleas Court," and Judge Thomas Marcelain. Plaintiff alleges that defendant Detective Boerstler "put before a Judge, in the Licking County common pleas court, An invalid search warrant which lead to the

violation of my 4th Amendment security from unreasonable search and seizure." *Id*. at PageID# 8 [sic]. Plaintiff also alleges that defendant prosecutor Brian Moore lied during the course of criminal proceedings and improperly secured an extension of time in those proceedings. *Id.* Finally, plaintiff alleges that defendant Judge Thomas Marcelain acknowledged the prosecutor's misconduct but nevertheless denied a request to dismiss the charge against plaintiff and conducted a hearing outside defendant's presence. *Id*. The *Complaint* seeks only monetary damages. *Id*. at PageID# 9.

    The "Licking County Sheriff's Office" and the "Licking County Prosecutors Office" – units of Licking County - are not entities that may be independently sued under 42 U.S.C. § 1983. *See Matthews v. Jones,* 35 F.3d 1046 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). Ohio's Courts of Common Pleas are likewise not *sui juris* and capable of being sued in an action under § 1983. *Younker v. Highland County Common Pleas Court*, 2014 WL 897881, *3 (S.D. Ohio Mar. 6, 2014); *Harsh v. City of Franklin, Ohio,* 2009 WL 806653, *5 (S.D. Ohio Mar. 26, 2009). Moreover, a judge performing his judicial functions enjoys absolute immunity from suit for monetary damages under § 1983. *Mireles v. Waco*, 502 U.S. 9 (1991)(*per curiam*); *Pierson v. Ray*, 386 U.S. 547 (1967). Similarly, prosecuting attorneys sued for alleged deprivations of constitutional rights committed in the performance of their prosecutorial functions are absolutely immune from liability for monetary damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

This Court concludes that the *Complaint* fails to state a claim upon which relief can be granted against any defendant except defendant Boerstler. As to that claim, it is **ORDERED** that the action can proceed. If plaintiff submits a copy of the *Complaint*, a summons, and a Marshals service form for this defendant, the United States Marshals Service is **DIRECTED** to effect service of process on this defendant, who shall have forty-five (45) days from the date of service to respond to the Complaint. Plaintiff is **ADVISED** that the claims asserted against any defendant not served with process within ninety (90) days may be dismissed. *See* Fed. R. Civ. P. 4(m).

It is **RECOMMENDED** that the claims against defendants Licking County Sheriff's Office, the Licking County Prosecutors Office, prosecutor Brian Moore, the Licking County Common Pleas Court, and Judge Thomas Marcelain be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right

to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                s/Norah McCann King
                                                   Norah M$^c$Cann King
                                United States Magistrate Judge

January 19, 2016