IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHAD A. MOORE,**

      **Plaintiff,**

  v.                                  Civil Action 2:16-cv-41
                                      Judge James L. Graham
                                      Magistrate Judge Jolson

**LICKING COUNTY SHERIFF'S
OFFICE, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff, a prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983. Although Plaintiff brought this case against numerous Defendants, the sole remaining claim is against Detective Kyle Boerstler. Plaintiff alleges that Detective Boerstler submitted an invalid search warrant to the Licking County Court of Common Pleas, resulting in a violation of his Fourth Amendment rights. Detective Boerstler has moved to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docs. 14, 17), and Plaintiff has opposed the Motion in an Opposition (Doc. 15) and a "Motion to Quash" the Motion to Dismiss (Doc. 16). Detective Boerstler has moved to strike the "Motion to Quash" the Motion to Dismiss on the grounds that it is not a properly filed Motion (Doc. 18).

In examining a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in favor of the plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Consequently, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

If Plaintiff is seeking to bring a personal liability suit pursuant to 42 U.S.C. § 1983, he must allege that Detective Boerstler, acting under the color of state law, deprived him of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). In contrast, if Plaintiff is seeking to bring an official capacity suit pursuant to 42 U.S.C. § 1983, he must allege that the entity's "'policy or custom' . . . played a part" in Detective Boerstler's violation of federal law. *Id*. (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978)). Even liberally construed, Plaintiff's complaint fails to state a claim against Detective Boerstler in his personal or official capacity.

Plaintiff's claim against Detective Boerstler, in its totality, states that, "[o]n September 1, 2015[,] [Detective Boerstler] put before a Judge, in the Licking County Common Pleas Court, an invalid search warrant which [led] to the violation of [his] 4th Amendment security from unreasonable search and seizure." (Doc. 3 at 3). Plaintiff fails to set forth any facts to support a reasonable inference that Detective Boerstler is liable for the alleged violation of his Fourth Amendment rights. Instead, he offers only a "bare assertion" that "will not suffice," *Twombly*, 550 U.S. at 556, and consequently, Plaintiff's complaint does not state a plausible claim for relief.

Plaintiff attempts to set forth facts in support of his claim against Detective Boerstler in opposition to the Motion. (*See, e.g.*, Doc. 15 at 1 (arguing that, in seeking the search warrant, Detective Boerstler misrepresented that he spoke with a confidential informant about Plaintiff's alleged misconduct)). However, a Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *see also Jones v. Bergman*, No. 1:08-cv-599, 2009 WL 3270003, at *2 (W.D. Mich. Oct. 8, 2009) ("In evaluating a motion to dismiss, a court generally is limited to the complaint and the exhibits attached thereto.") (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Thus, Plaintiff's argument is "extrinsic evidence" that "cannot be considered in determining whether the complaint states a claim." *Roth Steel Prods.*, 705 F.2d at 155.

For the reasons stated, it is RECOMMENDED that the Court GRANT Detective Boerstler's Motion to Dismiss (Doc. 14) without prejudice. *See Hammocks, LLC v. Harleysville Mutual Ins. Co.*, No. 1:10CV22, 2011 WL 3421504, at *2 (W.D.N.C. Jan. 25, 2011) ("[I]t is within the sound discretion of the district court to determine whether the dismissal under Rule 12(b)(6) is with or without prejudice.") (citing *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006)).

Finally, because the Court did not rely on the "Motion to Quash" the Motion to Dismiss (Doc. 16) in making this Report and Recommendation, Detective Boerstler's Motion to Strike is DENIED as moot (Doc. 18).

<u>Procedure on Objections to Report and Recommendation</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless

stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

      IT IS SO ORDERED.

Date: April 7, 2016                                                            s/ Kimberly A. Jolson
                                                                                           KIMBERLY A. JOLSON
                                                                                           UNITED STATES MAGISTRATE JUDGE